UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

      - against -           :      **OPINION**

MAXO JEAN,                         :      13 Cr. 280 (DC)
                                                      18 Civ. 2888 (DC)
              Defendant.    :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**    GEOFFREY S. BERMAN, ESQ.
United States Attorney for the
Southern District of New York
    By:  Alexander Wilson, Esq.
         Sarah Paul, Esq.
         Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007

B. ALAN SEIDLER, ESQ.
Attorney for the Defendant
580 Broadway
New York, New York 10012

**CHIN, Circuit Judge:**

        On January 31, 2014, a jury convicted defendant Maxo Jean of conspiracy to commit mail, wire, and health care fraud, in violation of 18 U.S.C. § 1349. On December 4, 2014, I sentenced Jean principally to 120 months' imprisonment and three years' supervised release. On April 22, 2016, the Second Circuit affirmed Jean's conviction and sentence. United States v. Jean, 647 F. App'x 1, 4-5 (2d Cir. 2016) (summary order). Before the Court is Jean's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the basis that

his attorneys were constitutionally ineffective. For the reasons set forth below, the motion is denied.

BACKGROUND

A. The Facts

For nearly six years, Jean served as the leader of a conspiracy to deliberately cause car accidents and defraud insurance companies. (Dkt No. 33 at 16). Jean recruited drivers and passengers, whom he directed to crash into the cars of innocent victims. (Dkt No. 33 at 14). After the accidents, Jean brought the drivers and passengers to corrupt medical clinics for treatment for fake injuries, and then directed those individuals to file fraudulent insurance claims for those fake injuries. (Id.). The group staged at least 31 accidents. (Id. at 9).

B. Prior Proceedings

1. Indictment

Jean was indicted on April 15, 2013 and charged with one count of conspiracy to commit mail, wire, and health care fraud, in violation of 18 U.S.C. § 1349.[1] On October 17, 2013, the government filed a superseding indictment against Jean. The superseding indictment broadened the timeframe of the conspiracy

---

[1] The indictment described the offenses as occurring "from at least in or about September 2010, to at least in or about 2011." (Ind't ¶ 1).

to "from at least in or about 2007, to at least in or about 2011." (<u>Compare</u> Superseding Ind't ¶ 1, <u>with</u> Ind't ¶ 1).

   2.   **Plea Offers and Change of Counsel**

Following Jean's arrest on February 13, 2013, Henry Steinglass, Esq. was appointed to represent Jean pursuant to the Criminal Justice Act. (Dkt No. 15). During the course of Steinglass's representation, Jean rejected two plea offers made by the Government. (<u>See</u> Dkt No. 33 at 4). Accordingly, a jury trial was set to begin on November 18, 2013.

On November 12, 2013, six days before trial, Jean asked the District Court to relieve Steinglass as counsel and notified the Court that an attorney of his choosing, Carlos A. Martir, Jr., Esq., would be representing him moving forward. (Dkt No. 28). The District Court granted Jean's motion to change counsel and adjourned the trial to January 13, 2014. (Minute Entry dated 11/12/2013). The trial was again adjourned on December 2013 to January 27, 2014. (Minute Entry dated 12/20/2013).

   3.   **Trial**

At trial, Jean's coconspirators testified against Jean. (<u>See</u> Dkt No. 33). These individuals corroborated each other. Their testimony was also corroborated by insurance, phone, and bank records, as well as an in-person recording of a conversation between the defendant and another accident

participant. (See id.). As discussed further below, Martir did not object to the admission of this evidence.

On January 31, 2014, the jury found Jean guilty. On July 24, 2014, Jean asked that Martir be relieved as counsel. (Dkt No. 52). The Court then appointed Neil Checkman, Esq. to represent Jean pursuant to the Criminal Justice Act. (Id.). Checkman represented Jean through his sentencing.

4. **Rule 33 Motion for a New Trial**

On September 23, 2014, Jean, with Checkman's assistance, filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. Jean argued that his trial counsel, Martir, had provided him with ineffective assistance of counsel. (Dkt No. 64). On November 3, 2014, following oral argument, I denied the motion because Jean had not demonstrated prejudice from any alleged ineffectiveness. (Dkt No. 75 at 8-10).

5. **Sentencing**

On December 4, 2014, I sentenced Jean principally to a term of 120 months' imprisonment and three years' supervised release. (Dkt No. 80). Jean appealed his conviction and sentence to the Second Circuit, challenging, among other things, my denial of his motion for a new trial. (Dkt No. 82). Jean filed a supplemental pro se brief in addition to the brief filed on his behalf by Checkman and his co-counsel. On April 22,

2016, the Second Circuit affirmed Jean's conviction and sentence in a summary order. 647 F. App'x 1, 4-5 (2d Cir. 2016) (summary order). Jean filed a petition for rehearing, which was denied on December 22, 2016. (Gov. Br., Ex. E).

### 4. Post-Appeal Motions

On March 30, 2018, Jean filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that his attorneys were constitutionally ineffective. (Dkt No. 90).[2] Both Martir and Checkman submitted statements under penalty of perjury.

## DISCUSSION

Jean's motion is denied. First, the motion is time-barred because it was filed more than a year after his judgment of conviction became final. Second, even assuming that Jean is not precluded from making this challenge, the motion fails on the merits.

## I. Timeliness

Jean is time-barred from making his motion because he filed it more than a week after the one-year statute of limitations expired.

---

[2] The motion was submitted on the Court's form for pro se litigants, but it appears to be signed by an attorney, B. Alan Seidler. (Dkt No. 90). While Seidler never filed a notice of appearance, he did submit documents on Jean's behalf. (Dkt No. 93; Dkt No. 95).

A. **Applicable Law**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a defendant has one year to file a petition under 28 U.S.C. § 2255. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Except in circumstances inapplicable here, AEDPA's limitation period commences on "the date on which [petitioner's] judgment of conviction becomes final." 28 U.S.C. § 2255. A judgment of conviction becomes final "when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). A petition for certiorari must be brought within 90 days from the issuance of the Court of Appeals' order, or from the denial of a motion for rehearing en banc if such a motion is made. See Rule 13(1) and (3) of the Rules of the Supreme Court of the United States.

B. **Application**

Jean did not file a petition for certiorari with the Supreme Court. As a result, Jean's judgment of conviction became final on March 22, 2017, 90 days after the Second Circuit's denial of his petition for rehearing on December 22, 2016. See Moshier, 402 F.3d at 118. The one-year statute of limitations thus expired on March 22, 2018. Jean's motion,

however, was executed on his behalf by Seidler on March 27, 2018 and filed on March 30, 2018. (Dkt No. 90). Jean does not offer an explanation for the untimeliness, nor does he offer any explanation for why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar his motion. (See id.). Accordingly, Jean is barred from asserting it now, and the motion is denied on this basis.[3]

## II. Merits

Even assuming Jean's motion is not time-barred, the motion also fails on the merits.

### A. Ineffective Assistance of Counsel

Jean argues that both Martir and Checkman failed to provide effective assistance of counsel. With respect to Martir, Jean argues that Martir failed to (1) discuss whether to accept a guilty plea versus proceeding to trial; (2) provide him with copies of discovery both before and during trial; and (3) challenge certain evidence introduced at trial. With respect to Checkman, Jean argues, among other things, that Checkman (1) failed to obtain discovery -- namely, a recorded conversation between Jean and a participant of a staged accident -- and

---

[3] The mandate issued on December 29, 2016. (Dkt No. 120). On January 17, 2017, Jean filed a pro se petition to recall the mandate. (Dkt No. 123). The petition, however, was rejected for filing in an order stating the "appeal is closed, and this court no longer has jurisdiction." (Dkt No. 122).

- 7 -

review it with him prior to the hearing on his motion for a new trial; and (2) refused to raise the arguments that Jean presented in his <u>pro se</u> supplemental brief in his direct appeal. For the reasons set forth below, none of these alleged deficiencies amounts to ineffective assistance of counsel.

### 1. Applicable Law

To demonstrate ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms. <u>Id.</u> at 687-88. The court's review "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. A defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Id.</u> (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)); <u>see also</u> <u>United States v. Berkovich</u>, 168 F.3d 64, 67 (2d Cir. 1999) ("Actions or omissions that 'might be considered sound trial strategy' do not constitute ineffective assistance." (quoting <u>Strickland</u>, 466 U.S. at 689)).

Second, a defendant "must show that the deficient performance prejudiced the defense," that is, the defendant must

demonstrate "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the context of a claim of ineffective assistance regarding a decision to reject a guilty plea, a defendant must prove that there is a reasonable probability that, but for counsel's errors, he would have accepted a plea offer and not proceeded to trial. See Pham v. United States, 317 F.3d 178, 182-83 (2d Cir. 2003); United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2002) (per curiam). To do so, a defendant must provide objective evidence beyond his own self-serving, post-conviction statement that he would have pleaded guilty. Pham, 317 F.3d at 182.

Both elements of Strickland must be satisfied for a defendant to demonstrate that his counsel was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the defendant was, as a result, deprived of a fair proceeding. Strickland, 466 U.S. at 687.

2. **Application**

Jean has failed to demonstrate that Martir or Checkman provided him with ineffective assistance of counsel.

a. Martir

1. Performance

With respect to Martir's alleged deficient performance, Jean points to Martir's failure to (1) discuss whether to accept a guilty plea; (2) provide him with copies of discovery both before and during trial; and (3) challenge certain evidence introduced at trial. None of these claims constitutes deficient performance by Martir.

First, although Jean argues that Martir did not discuss with him the benefits of pleading guilty versus proceeding to trial, this claim is unavailing because Martir did not represent Jean during the relevant plea discussions. Steinglass, Jean's prior counsel, had in fact initially advised Jean to accept a guilty plea. Jean refused, and that is when he hired Martir -- just a few days before trial -- because he wanted to go to trial. This is a case that I thought should not have gone to trial, as the government's evidence was overwhelming. Dkt No. 75 at 8-9. But Steinglass recommended that Jean plead guilty, and Jean rejected that advice. He cannot be heard to complain now that Martir did not discuss this with him further.

Second, Jean's claim that Martir never discussed discovery material or trial strategy with him is sharply contradicted by Martir's sworn affidavit. (Martir Aff., Dkt. No

92). Martir asserts that Jean was an "active participant" in planning trial strategy, and at no point voiced any disagreement with counsel's proposed strategy. (Id. at ¶ 3). Martir further asserts that Jean's active participation continued through trial, and at no time did Jean state any dissatisfaction with counsel's performance. (Id. at ¶ 7). Moreover, prior to trial, Martir and the government discussed trial issues and stipulations, which Martir discussed with Jean thoroughly following his discussions with the government. (Id. at ¶ 5). Jean ultimately agreed to and signed all of the stipulations. (Id.). I accept Martir's representations as set forth in his affidavit and conclude that his conduct did not fall below an objective standard of reasonableness.

Third, Jean's claim that Martir's performance was deficient because he did not object to certain evidence introduced at trial is unavailing. Counsel's decision whether to object to evidence introduced at trial involves a strategic choice, which is "virtually unchallengeable" if made after thorough investigation, and Martir appeared to have thoroughly prepared for trial. Id. at 690-91; see Brown v. Artuz, 124 F.3d 73, 77 (2d Cir.1997) (identifying "'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed'" as matters that "'primarily involve trial strategy and

tactics'" (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992) (en banc))). There is nothing in the record to suggest that Martir's decision not to object was not strategic or well thought out.

### 2. Prejudice

In any event, even assuming Martir's conduct was somehow deficient, Jean cannot show that (1) he would have pleaded guilty or (2) the outcome in this case would be any different absent the alleged deficiencies that occurred prior to and during trial.

First, Jean does not even state that he would have pleaded guilty had he received any particular advice, nor does he indicate that he would plead guilty now with the benefit of hindsight. See Pham, 317 F.3d at 182. There is thus no evidence that, but for Martir's actions, Jean would have pleaded guilty. Accordingly, even assuming Martir should have discussed the plea offers, Jean cannot show the requisite prejudice based on Martir's advice or lack thereof.

Second, Jean has not shown that that the outcome of the trial would have been any different if he had received certain discovery materials about the Government's evidence prior to trial, or if Martir had challenged the admission of evidence at trial. Whether a defendant is prejudiced requires a "case-by-case examination," Williams v. Taylor, 529 U.S. 362,

391 (2000), of the "totality of the evidence." Strickland, 466 U.S. at 695. Here, as both this Court and the Second Circuit have already concluded, the evidence against Jean at trial was overwhelming. (Dkt No. 75, 89). Accordingly, Jean cannot show he was prejudiced by Martir's alleged deficiencies at trial because the outcome would not have been different in the absence of the alleged deficiencies.

    b. **Checkman**

        1. **Performance**

With respect to Checkman's alleged deficient performance, Jean points to Checkman's (1) failure to review a recorded conversation between Jean and a participant of a staged accident that was presented at trial and (2) his refusal to raise my denial of the Rule 33 motion for a new trial on appeal.

First, Jean alleges that Checkman's failure to review a copy of the recorded conversation presented at trial between Jean and one of the participants of a staged accident made it "impossible for attorney Checkman to respond to the concerns of Judge Chin." (Jean Aff. ¶ 7). As Checkman notes, however, he reviewed the transcript of the conversation, which was all that was necessary for an objectively reasonable analysis. (Gov. Br., Ex. E ¶ 6). I agree with Checkman that a review of the transcript was sufficient. Accordingly, Checkman's conduct did

not fall below an objective standard of reasonableness in this respect.

Second, as Checkman explains in his affidavit, it was his professional opinion that it would have been frivolous to raise my denial of Jean's Rule 33 motion on appeal in light of the "overwhelming evidence" and lack of factual record to support the claim. (Checkman Aff., Gov. Br., Ex. E). See Strickland, 466 U.S. at 689 (in evaluating the performance prong of an ineffective assistance claim, the court does not view the challenged conduct through the "distorting" lens of hindsight, but "from counsel's perspective at the time"); see also Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993) (reiterating "contemporary assessment" rule in applying first prong of Strickland). I agree that this argument would have been frivolous. Accordingly, Checkman's decision not to raise this issue on appeal was reasonable in light of the record and substantial evidence against Jean.

### 2. Prejudice

In any event, even assuming Checkman's conduct was somehow deficient, Jean cannot show that (1) the outcome would have been different if Checkman had reviewed the recorded conversation or (2) a new trial would have been granted.

First, even if Checkman had reviewed the recording, Jean has not shown that there is any discrepancy between the

recording and the transcript. Hence, there is nothing to suggest that the outcome would have been different. Accordingly, Jean cannot show that he was prejudiced by Checkman's failure to listen to the recording of the conversation that was presented at trial.

Second, even assuming that counsel should have raised the Rule 33 motion on appeal, Jean was not prejudiced by Checkman's decision to omit such an argument from the counseled brief. First, Jean was able to raise this challenge himself in his pro se supplemental brief, and he did so. The Second Circuit considered and rejected it. (Dkt No. 89). Second, Jean cannot show that even if this argument had been raised by Checkman, the Second Circuit would have accepted it. This information, paired with Checkman's sound judgment in declining to raise the motion for a new trial, leads to the conclusion that the proceedings would have not have been any different absent the alleged ineffective performance of counsel.

## CONCLUSION

For the reasons set forth above, Jean has failed to show a basis for relief under 28 U.S.C. § 2255. Accordingly, his petition is denied. Because he has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253 (1996) (as amended by the Antiterrorism and Effective Death

Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
October 3, 2018

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation